LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
(212) 465-1180
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| JUSTIN WASHINGTON and JOSEPH BOLANOS, *on behalf of themselves, FLSA Collective Plaintiffs and Class members*, | Case No.: |
| Plaintiffs, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| -against- | |
| SENIOR RIDE TRANSPORTATION, LLC, SENIORCARE EMERGENCY MEDICAL SERVICES INC., and MICHAEL VATCH, | JURY TRIAL DEMANDED |
| Defendants. | |

---

**COMPLAINT**

Plaintiff JUSTIN WASHINGTON and JOSEPH BOLANOS, ("Plaintiffs"), on behalf of themselves, FLSA Collective Plaintiffs and Class members, by and through their undersigned attorneys, as and for their Complaint against Defendants SENIOR RIDE TRANSPORTATION, LLC ("SRT") and SENIORCARE EMERGENCY MEDICAL SERVICES INC. ("SEMS," collectively, "Corporate Defendants"), and MICHAEL VATCH ("Individual Defendant," and collectively with the Corporate Defendants, "Defendants"), states on information and belief as follows:

**INTRODUCTION**

1.     Plaintiffs bring this action on behalf of themselves, FLSA Collective Plaintiffs and

Class members to recover (1) unpaid wages and overtime due to time-shaving, (2) unpaid wages and overtime due to rounding, (3) compensation for late payments of wages, (4) unpaid spread of hours premium, (5) statutory penalties, (6) liquidated damages, (7) interest, and (8) reasonable attorney's fees and costs under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) and the wage orders promulgated thereunder by the U.S. Department of Labor and codified at 29 C.F.R. § 500 *et seq.* ("FLSA"), and Articles 6 and 19 of the New York Labor Law and the wage orders promulgated thereunder by the New York State Department of Labor and codified at 12 N.Y.C.R.R. §§ 135-146 ("NYLL").

2.      Defendants own and operate an ambulance service business with multiple offices providing transportation and related services for hospitals or other medical facilities in New York State.   Plaintiffs, FLSA Collective Plaintiffs and Class members are non-exempt employees worked for Defendants as drivers, emergency medical technicians ("EMTs")  or paramedics. Plaintiffs, FLSA Collective Plaintiffs and Class members were not compensated properly for all of the hours they worked, including their overtime hours.

## PARTIES, JURISDICTION, AND VENUE

3.      At all times relevant herein, Plaintiff JUSTIN WASHINGTON was and is a resident of the State of New York, Queens County.

4.      At all times relevant herein, Plaintiff JOSEPH BOLANOS was and is a resident of the State of New York, New York County.

5.      SRT was and is a domestic business corporation duly organized under and existing by virtue of the laws of the State of New York with an address for service of proccess located at 700 Havemeyer Avenue, New York 10473. Defendants own and operate a senior person transportation service under the tradename "Senior Care EMS" and is a wholly owned subsidiary of SEMS.

6.      SEMS was and is a domestic business corporation duly organized under and

existing by virtue of the laws of the State of New York with an address for service of proccess located at the 700 Havemeyer Avenue, New York 10473. Defendants own and operate its website www.seniorcareems.com and private emergency medical service under the tradename "Senior Care EMS" through SEMS.

7.      Individual Defendant MICHAEL VATCH is the executive officer of each of the Corporate Defendants. MICHAEL VATCH exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and Class members. Furthermore, MICHAEL VATCH exercises functional control over the business and financial operations of all Corporate Defendants.

8.      Together, Defendants operate an ambulance service business with multiple offices as a single integrated enterprise under the trade name "Senior Care EMS" throughout New York State. Defendants own and operate the ambulance service business at the following locations in New York State:

    a. 700 Havemeyer Avenue, Bronx, NY 10473 ("Bronx office");

    b. 891 Stanley Avenue, Brooklyn, NY 11208 ("Brookly office") ; and

    c. 46 Harriet Place, Lynbrook, NY 11563 ("Long Island office," collectively, the "offices").

9.      Defendants operate the offices as a single integrated enterprise, under the control of their owner, individual Defendant MICHAEL VATCH. Specifically, the offices are engaged in related activities, share common ownership, and have a common business purpose:

    a.   All offices are marketed jointly on one (1) common website: https://seniorcareems.com. See **Exhibit A** for a screenshot of the main webpage.

b.  All offices share a common "Contact Us" webpage on the website, https://seniorcareems.com/contact. See **Exhibit B** for the "Contact Us" webpage.

c.  All offices share a common 24-hour communication center line, administrative line, business line, human resources line and email address. See **Exhibit C** for the "About" webpage: https://seniorcareems.com/about/.

d.  All offices are marketed jointly on their following social media accounts:

- Instagram: http://www.instagram.com/seniorcareems/?hl=en;

- Facebook: https://www.facebook.com/SeniorCareEMS; and

- Twitter: https://twitter.com/seniorcareems?lang=en. See **Exhibit D** for screenshots.

e.  Individual Defendant MICHAEL VATCH is an executive officer of each of the Corporate Defendants.

f.  SRT shared the same principal place of business address with SEMS.

g.  SRT shared the same website with SEMS.

h.  Employees are interchangeable among the offices and Defendants continue to transfer employees between the offices; and

i.  The offices share payroll methods and have a single, centralized system of labor relations for employees.

10.  The Corporate Defendants engage in an enterprise whose annual volume of sales made or business done is not less than $500,000, the activities of which affect interstate commerce in that the employees of the Corporate Defendants handle goods and materials produced outside of New York (including vehicles, tools, cleaning supplies, and other items) that have moved in

interstate commerce, and the Corporate Defendants are thus employers subject to the jurisdiction of the FLSA.

11.     Individual Defendant MICHAEL VATCH is the Chief Executive Officer of the Corporate Defendants. At all relevant times, Defendant MICHAEL VATCH has exercised control over the employment terms and conditions of Plaintiffs, FLSA Collective Plaintiffs and Class members. Defendant MICHAEL VATCH has exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee work schedules, and (iv) otherwise affect the quality of employment of Plaintiffs, FLSA Collective Plaintiffs and Class members. At all relevant times, employees could complain to Defendant MICHAEL VATCH regarding any of the terms of their employment, and Defendant MICHAEL VATCH possessed the authority to effect any changes to the quality or terms of their employment. Defendant MICHAEL VATCH exercised functional control over the business and financial operations of Corporate Defendant. Defendant MICHAEL VATCH had the power and authority to supervise and control supervisors of Plaintiffs, FLSA Collective Plaintiffs and Class members, and could reprimand employees.

12.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this action arises under the FLSA.  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, because those claims are related to Plaintiffs' federal claims and form part of the same case or controversy.

13.     This Court has personal jurisdiction over the Corporate Defendants in that they are incorporated in the state of New York and have their principal places of business therein.

14.     This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b), because one or more Defendants reside in this district and the events giving rise to Plaintiffs' claims occurred herein.

## JURY DEMAND

15.     Plaintiffs demand a trial by jury of all issues so triable in this action.

## STATEMENT OF FACTS

*Wage And Hour Allegations*

16.     Defendants own and operate an ambulance service business with multiple offices throughout New York City and Long Island. The offices provide transportation and related services for public entities and private individuals, such as hospitals and nursing homes, as well as 911 responses for other medical facilities.

17.     Plaintiffs, FLSA Collective Plaintiffs and Class members were employed by Defendants as EMTs, paramedics or drivers, at a hourly rate eligible for overtime under the NYLL and FLSA. Plaintiffs, FLSA Collective Plaintiffs and Class members respond calls for emergency services and transport patients or senior citizens to hospitals or other medical facilities.

18.     Plaintiff JUSTIN WASHINGTON worked for Defendants as a driver from in or around February 2018 until in or around August 2019. Throughout his employment with Defendants, he was paid at or near the prevailing minimum hourly wage pursuant to the NYLL: $13.00 prior to December 31, 2018, and $15.45 thereafter.

19.     From in or around February 2018 to in or around May 2018, his regular schedule was six days per week, from 9 A.M. until 5 P.M. for a total of forty-eight (48) hours per week. From in or around June 2018 to August 2019, his regular schedule was five days per week, from 8 A.M. until 3 P.M. for a total of thirty-five (35) hours per week. However, he was regularly required to work after his scheduled shift. On the 9 A.M. until 5 P.M. shifts, he regularly finish work around 8 P.M. or 9 P.M. On the 8 A.M. until 3 P.M. shifts, he regularly finish work around 5 P.M. All told, Plaintiff WASHINGTON actually works an average of approximately forty-five

(45) hours to seventy-two (72)  hours or more per week. These extra hours were shaved by Defendants and Plaintiff WASHINGTON was not paid for all his hours worked.

20.     Plaintiff WASHINTON, FLSA Collective Plaintiffs and Class members were required to be on call through lunch, and as a consequence did not have a free and clear break. However, Defendants always improperly deducted one hour for lunch and failed to compensate them for all hours worked.

21.     Plaintiff WASHINTON, FLSA Collective Plaintiffs and Class members worked and used a time clock out, but their time were always rounded down to the nearest hour. For example, if an employee worked for ten (10) hours and (20) minutes, he would be ***rounded-down*** to ten hours flat. Thus, he or others similarly situated were not paid for all hours worked due to Defendants' policy of rounding.

22.     Plaintiff BOLANOS worked for Defendants as a driver from in or around November 2019 until in or around April 2020. Throughout his employment with Defendants, he was paid at the prevailing minimum hourly wage pursuant to the NYLL: $15.00.

23.     During his employment with Defendants, he was required to clock in and out at Defendants' Bronx office located at 700 Havemeyer Avenue, New York 10473. From in or around November 2019 to in or around December 2019, his regular schedule was three days per week, Sundays from 2 P.M. until 12 A.M., Tuesdays from 4 P.M. until 12 A.M. and Thursdays from 3 P.M. until 1 A.M for a total of twenty-eight (28) hours per week. From in or around January 2020 to February 2020, his regular schedule was two days per week, Sundays from 2 P.M. until 12 A.M., and Tuesdays from 4 P.M. until 12 A.M. for a total of eighteen (18) hours per week. From March to April 2020, he worked one day per week, Tuesdays from 4 P.M. until 12 A.M. for a total of eight (8) hours per week. Plaintiff BOLANOS, FLSA Collective Plaintiffs and Class members are

only paid for their scheduled shifts but not actual hours worked. For example, when Plaintiff BOLANOS, FLSA Collective Plaintiffs and Class members work past their scheduled end time, they are not paid for such hours. Moreover, Plaintiff BOLANOS, FLSA Collective Plaintiffs and Class members were also required to arrive prior to their shift to get ready for work but were only allowed to clock in up to five minutes prior to the scheduled shift. For Plaintiff BOLANOS specifically, he ended up working an average of approximately nine-and a half (9.5) hours to thirty-two and a half (32.5) hours or more per week.

24.     Plaintiff BOLANOS, FLSA Collective Plaintiffs and Class members worked and used a time clock out, but Plaintiffs, FLSA Collective Plaintiffs and Class members' time were always rounded down to the nearest hour. For example, if an employee worked for ten (10) hours and (20) minutes, she would be ***rounded-down*** to ten hours flat. Thus, Plaintiffs, FLSA Collective Plaintiffs and Class members were not paid for all hours worked due to Defendants' policy of rounding.

25.     Plaintiffs, FLSA Collective Plaintiffs and the Class members had workdays that regularly exceeded ten (10) hours in length. However, Defendants routinely failed to pay them spread of hours premiums due under the NYLL.

26.     From in or around January 2020, Defendants started to pay Plaintiffs, FLSA Collective Plaintiffs and Class members bi-weekly. Therefore,  Plaintiffs, FLSA Collective Plaintiffs and Class members did not receive their payments within seven (7) days of the end of the week in which they were earned, in violation of NYLL § 191(1)(a)(i). Plaintiffs, FLSA Collective Plaintiffs and Class members are owed liquidated damages equal to the late payments and accrued interest on the delayed payments.

27.     Defendants' timekeeping and payroll policies functioned to reduce the paid hours

of Plaintiffs, FLSA Collective Plaintiffs and Class members in violation of the FLSA and NYLL.

28.     As a result of Defendants' timekeeping and payroll policies, Plaintiffs and Class members were routinely not paid for a significant amount of worked time per week.  Between the lunch time deductions, rounded time and the shaved time, Plaintiffs, FLSA Collective Plaintiffs and Class members routinely worked several more hours per week for Defendants for which they were not paid.

29.     When Plaintiffs, FLSA Collective Plaintiffs and Class members worked at or over forty (40) hours per week, these unlawful reductions in paid time served to deprive Plaintiffs, FLSA Collective Plaintiffs and Class members of proper overtime pay as required under the FLSA and NYLL.

30.     As Plaintiffs, FLSA Collective Plaintiffs and Class members were at all relevant times paid at or near the NYLL minimum wage, these deductions served to reduce the average hourly wage of Plaintiffs, FLSA Collective Plaintiffs and Class members situated to below the prevailing NYLL minimum wage.

31.     Defendants were or should have been aware of their statutory requirements as employers, including specifically but without limitation the requirements under the FLSA and NYLL to pay Plaintiffs, FLSA Collective Plaintiffs and Class members for all of the time they worked (and to pay hours over 40 per week at the premium overtime rate), to pay spread-of-hours compensation when Plaintiffs, FLSA Collective Plaintiffs and Class members worked in excess of 10 hours per day, and to make and preserve proper payroll records.

32.     However, Defendants knowingly failed to pay Plaintiffs, FLSA Collective Plaintiffs and Class members all of the regular and overtime wages to which they were entitled, and to make and preserve proper payroll records.

33.     As such, the various violations of the FLSA and NYLL alleged herein were committed knowingly, willfully, and intentionally by Defendants.

34.     Furthermore, these violations are ongoing, as Defendants continue to engage in the wrongful conduct described herein.

*Defendants are Joint Employers*

35.     At all times relevant herein, the Corporate Defendants were and are parents, subsidiaries, or otherwise affiliated with each other.

36.     The Corporate Defendants are a unified operation and joint enterprise in which all of the activities of the Corporate Defendants and other entities are related to each other.

37.     The Corporate Defendants are all operated as a single business unit or economic entity.  As a matter of economic reality there is no differentiation between the individual Corporate Defendants and the enterprise as a whole.

38.     The Corporate Defendants share common ownership, management, and control.

39.     The Corporate Defendants are all operated out of the same principal office location and share the same phone number.

40.     The Corporate Defendants share employees, administrative personnel, equipment, assets, liabilities, profits, and expenses.

41.     The Corporate Defendants implemented the same or similar timekeeping and payroll policies complained of herein throughout the common enterprise.

42.     At all times relevant herein, the Corporate Defendants were and are controlled by the Individual Defendant.

43.     In their capacities as owners, shareholders, members, officers, directors, managers, and/or supervisors of the Corporate Defendants, the Individual Defendant has at all times relevant

herein exercised operational control over the Corporate Defendants and the terms and conditions of the employment of Plaintiff and Class members situated.

44.     Specifically, with respect to Plaintiffs, FLSA Collective Plaintiffs and Class members, the Individual Defendant had the power and authority to (i) hire and fire employees, (ii) set their work schedules, (iii) determine their rates and methods of pay, (iv) maintain employment records, and (v) otherwise affect the quality, terms, and conditions of their employment.

45.     At all times relevant herein, the Individual Defendant exercised functional control over the business and financial operations of the Corporate Defendants, and had authority over all employee-related decisions, including specifically but without limitation payroll, personnel, and wage and hour policies concerning Plaintiffs, FLSA Collective Plaintiffs and Class members.

46.     At all times relevant herein, the Individual Defendant had the power to direct, restrict, regulate, govern, and/or administer the activities of the Corporate Defendants.

47.     At all relevant times the Individual Defendant and the Corporate Defendants were joint employers of Plaintiffs, FLSA Collective Plaintiffs and Class members as a matter of economic reality, and as a result, all of the Defendants are jointly and severally liable for all claims made herein.

*FLSA Collective Action Allegations*

48.     Plaintiffs bring this action as a collective action pursuant to Section 216(b) of the FLSA on behalf of themselves and all other drivers, emergency medical technicians, and paramedics, employed by Defendants on or after the date that is six years before the filing of the initial Complaint in this case ("FLSA Collective Plaintiffs").

49.     At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and

have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper (1) wages and overtime due to time-shaving, and (2) wages and overtime due to rounding. The FLSA claims of Plaintiffs as stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

50.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 216(b) of the FLSA.  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

*Class Action Allegations*

51.     Plaintiffs bring claims for relief under the NYLL pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all other drivers, emergency medical technicians, and paramedics, employed by Defendants on or after the date that is six years before the filing of the initial Complaint in this case ("Class Period").

52.     All said persons, including Plaintiffs, are referred to herein as the "Class."  The members of the Class are readily ascertainable.  The number and identity of the members of the Class are determinable from Defendants' records.  The hours assigned and worked, the positions held, and rates of pay for each Class member are also determinable from Defendants' records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under Rule 23.

53.     The proposed Class is so numerous that a joinder of all members is impracticable,

and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, as the facts on which the calculation of that number would be based are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

54.     Plaintiffs' NYLL claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants (i) failing to pay wages and overtime due to time-shaving; (ii) failing to pay wages and overtime due to rounding; (iii) late payments of wages; (iv) failing to pay spread of hours, and (v) failing to provide proper wage notices and statements that were in compliance with the requirements under the NYLL. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs sustained similar losses, injuries, and damages as other Class members, with such injuries and damages arising from the same unlawful policies, practices, and procedures.

55.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

56.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated

persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources, while treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

57.     When wage and hour violations arise, current and former employees are often afraid to assert their rights.  Current employees fear direct or indirect retaliation by their employers, while former employees are fearful of damage to their current or future employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

58.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.  Whether Defendants employed Plaintiffs and other Class members within the

meaning of the NYLL;

b.   What are and were Defendants' policies and procedures regarding the types of work and labor for which Defendants did not pay the Class members properly;

c.   At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work;

d.   Whether Defendants properly notified Plaintiffs and other Class members of their hourly rate and overtime rate;

e.   Whether Defendants improperly rounded Plaintiffs and Class members' hours to the nearest hour;

f.   Whether Defendants caused time-shaving by paying Plaintiffs and Class members only for those hours which they were scheduled to work, rather than for the actual hours that they worked, including hours over forty (40);

g.   Whether Defendants required Plaintiffs and the Class members to perform unpaid off-the-clock work;

h.   Whether Defendants properly and timely compensated Plaintiffs and other Class members for all hours worked under the NYLL;

i.   Whether Defendants paid the "spread of hours" premium owed to Plaintiffs and the Class members working more than ten hours per day as required by New York Labor Law; and

j.   Whether Defendants provided proper wage statements and wage and hour notices to Plaintiffs and other Class members per requirements of the NYLL.

## FIRST CAUSE OF ACTION
### (FLSA Collective Action)

59.   Plaintiffs repeat each and every previous allegation as if fully set forth herein.

60. At all relevant times Plaintiffs and the other FLSA Collective Plaintiffs were employees of the Corporate Defendants within the meaning of the FLSA, and were persons covered by and intended to benefit from the provisions of the FLSA.

61. At all relevant times the Corporate Defendants as a joint enterprise were an employer within the meaning of the FLSA.

62. At all relevant times the Corporate Defendants and the Individual Defendants were joint employers of Plaintiff and the other FLSA Collective Plaintiffs.

63. As alleged herein, Plaintiffs and the other FLSA Collective Plaintiffs regularly worked regular and overtime hours for Defendants for which they were not paid, in violation of the FLSA.

64. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the other FLSA Collective Plaintiffs for all of the hours they worked, including overtime, when Defendants knew or should have known such was due.

65. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and the other FLSA Collective Plaintiffs suffered damages in the form of unpaid wages and overtime premium due to rounding and time-shaving. Plaintiffs and the other FLSA Collective Plaintiffs seek judgment in an amount to be determined at trial for these damages as well as an award of liquidated damages, interest, attorney's fees, and costs, as provided for under the FLSA.

## <u>SECOND CAUSE OF ACTION</u>
### <u>(NYLL Class Action)</u>

66. Plaintiffs repeat each and every previous allegation as if fully set forth herein.

67. At all relevant times Plaintiffs and the other Class members were employees of the Corporate Defendants within the meaning of the NYLL, and were persons covered by and intended

to benefit from the provisions of the NYLL.

68.     At all relevant times the Corporate Defendants as a joint enterprise were an employer within the meaning of the NYLL.

69.     At all relevant times the Corporate Defendants and the Individual Defendants were joint employers of Plaintiff and the other Class members.

70.     Defendants also failed to provide Plaintiffs and the other Class members with accurate wage statements and wage notices, as required under the NYLL.

71.     Defendants knew of and/or showed a willful disregard for the provisions of the NYLL as evidenced by their failure to compensate Plaintiffs and the other Class members for all of the hours they worked, including overtime hours, when Defendants knew or should have known such was due, and their failure to provide Plaintiffs and the other Class members with accurate wage statements.

72.     Defendants willfully violated Plaintiffs and Class members' rights by failing to pay them their payments within seven days of the end of the week in which they were earned, in violation of NYLL 191§ (1)(a)(i).

73.     In addition, Defendants willfully violated Plaintiffs and the Class members' rights by failing to pay them the proper spread of hours premiums required by state law.

74.     As a direct and proximate result of Defendants' willful disregard of the NYLL, Plaintiffs and the other Class members suffered damages in the form of unpaid wages and overtime premium due to rounding and time-shaving.  Plaintiffs and the other Class members seek judgment in an amount to be determined at trial for these damages as well as an award of statutory penalties, liquidated damages, interest, attorney's fees, and costs, as provided for under the NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court assume jurisdiction herein and thereafter grant the following relief:

a.   Designation of Plaintiffs as representatives of the FLSA Collective Plaintiffs;

b.   Designation of this action as a class action pursuant to Rule 23;

c.   Designation of Plaintiffs as representatives of the Class;

d.   Compensatory damages in an amount to be determined at trial, including unpaid wages and overtime due to rounding and time-shaving under the FLSA and NYLL;

e.   An award of liquidated damages and interest for each late payment of wages pursuant to NYLL 191§ (1)(a)(i);

f.   An award of unpaid spread of hours premium due under the NYLL;

g.   Statutory penalties and liquidated damages pursuant to the FLSA and NYLL;

h.   Pre- and post-judgment interest; and

i.   Plaintiffs' costs and reasonable attorney's fees;

Together with such other and further relief as the Court deems just and proper.

Dated: March 4, 2021
       New York, New York

                             LEE LITIGATION GROUP, PLLC

                        By:   _____/s/ C.K. Lee_____
                              C.K. Lee (CL 4086)
                              Anne Seelig (AS 3976)
                              148 West 24th Street, 8th Floor
                              New York, NY 10011
                              (212) 465-1180
                              *Attorneys for Plaintiff*